## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY HUDSON-BRYANT, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Misc. Case No. |
| CHASE DATA CORP. | : : : | |
| Non-Party Subpoena Recipient. | : | |
| KIMBERLY HUDSON-BRYANT, on behalf of himself and others similarly situated, | : : : | Underlying Action Pending in the U.S. Southern District of Texas |
| Plaintiff | : : : | Case No. 4:25-CV-1245 |
| v. | : : | |
| SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP | : : : | |
| Defendant. | : : | |

_____/

### Plaintiff Kimberly Hudson-Bryant's Motion to Compel
### Production of Documents Pursuant to Rule 45 Subpoena

Pursuant to Fed. R. Civ. P. 45(d) and (g), Plaintiff Kimberly Hudson-Bryant ("Plaintiff"),

by her attorneys, moves this Court for an order compelling third-party Chase Data Corp. ("Chase

Data") to produce documents responsive to a subpoena in connection with *Hudson-Bryant v.*

*Schneider Wallace Cottrell Konecky Wotkyns LLP*, Civil Action No. 4:25-CV-1245, pending in

the United States District Court for the Southern District of Texas (the "Litigation"). Plaintiff

seeks a single category of documents relevant to Plaintiff's claims: data identifying telephone

numbers and associated calling data that Chase Data possesses for the telemarketing activities for

calls placed by or on bahalf of the Defendant, Schneider Wallace. Schneider Wallace itself does

not have complete access to such information, as it does not know which of its vendors placed the subject calls.

Because the information sought here is relevant, and Chase Data has failed to provide it or even respond to the subpoena, this Court should compel Chase Data to fully comply.

### Background and Meet and Confer Efforts

"Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

"[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is

on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

This matter stems from a putative class action arising under the TCPA for the receipt of telemarketing calls and text messages to numbers on the National Do Not Call Registry. *See* Exhibit 1, Complaint against Schneider Wallace. Plaintiff Hudson-Bryant's telephone number, is a telephone number that is used for residential purposes and has been on the National Do Not Call Registry since 2007. *Id.* Despite that, Ms. Hudson-Bryant received several telemarketing calls from the telephone numbers 681-348-7000, 520-720-3158, and 985-303-2953, between January 2022 and present. These numbers are serviced by Chase Data. Because they were sent to encourage the purchase of legal services, the calls were telemarketing. *Id.*

Infoformally, Schneider Wallace identified that it used multiple marketing companies to send the calls at issue, and does not have information as to which one of its vendors placed the calls at issue. Chase Data is one of the telephone services used to send the subject calls.

Given Chase Data's role in the calls at issue, the Plaintiff issued a subpoena to Chase

Data on May 21, 2025. The subpoena is attached as <u>Exhibit 2</u>. Chase Data was served[1] via

certified mail restricted delivery on its Registered Agent in Harrisburg, as demonstrated in

<u>Exhibit 3</u>.

The subpoena sought:

> Documents referencing identifying information for the DIDs: 681-348-7000, 520-720-3158, and 985-303-2953 for January 2022 through present. Responsive documents should include the entity's name, physical addresses, e-mail addresses, and telephone numbers, and time frame each entity was assigned the number.

Chase Data has not responded to this lawfully issued and served subpoena, nor has its former

counsel responded to Plaintiff's counsel inquiry. A copy of the meet and confer email is attached

---

[1] Such service is valid under Rule 45(b)(1), as Chase Data's registered agent was confirmed served by virtue of the executed Restricted Delivery Certified Mail "Green Card." *See, e.g.*, *Jordan v. Glass*, 2010 WL 3023347, at *1, n. 1 (D.N.J. July 23, 2010) (finding that the plaintiff had properly served non-party via certified mail "because either he or someone authorized on his behalf signed an acknowledgement of receipt of plaintiff's subpoena" and there was evidence in the form of an email exchange that indicated that the non-party received the subpoena); *New Jersey Bldg. Laborers Statewide Ben. Funds & Trs. Thereof v. Torchio Bros.*, No. CIV A 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009); *Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011). Service in this manner also comports with Rule 4(e)(1) and PA. R.C.P. 234.2, which permits service of a subpoena "by any form of mail requiring a return receipt, postage prepaid, restricted delivery." Official Note to PA. R.C.P. 403 explains that "The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent;" in other words, Restricted Delivery is a special service that ensures delivery "to the named person," as per Rule 45's requirements. *Yelland v. Abington Heights Sch. Dist.*, No. CV 3:16-2080, 2017 WL 4122465, at *4 (M.D. Pa. Sept. 18, 2017) ("[T]he text of Rule 45(b) does not unequivocally require personal service, but instead, service 'requires delivering a copy' of the subpoena to the witness without specifying the method of delivery."). Here, the subpoena was served on an agent for Corporation Service Company, who is Chase Data's registered agent. As such, the use of *restricted delivery* certified mail (as opposed to regular certified mail) ensured that Defendant's agent was personally served with the subpoena, as mandated by Rule 45(b)'s requirement that the subpoena be delivered "to the named person." Defendant's registered office in Harrisburg lies 93 miles in straight-line distance from the place where production is sought, at counsel's office in Glenside. FED. R. CIV. P. 45(c)(2)(A); *Langsam-Borenstein P'ship by Langsam v. NOC Enters., Inc.*, 137 F.R.D. 217, 218 (E.D. Pa. 1990). Glenside, where compliance is required, lies within *this* Court's territorial jurisdiction, in Montgomery County. FED. R. CIV. P. 45(d)(2)(B)(i).

as <u>Exhibit 4</u>.

This motion follows.

**Argument**

**I.      Chase Data Should Be Compelled to Produce Records of Pre-Recorded Calls Made, as well as any Evidence of Purported Consent.**

Requesting a list of persons that were the recipients of telemarketing calls is a standard practice in TCPA class litigation. "[A] list of phone numbers may very well bear direct relevance to a violation of the TCPA concerning the dialing of the very phone numbers listed." *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class). *A fortiori,* therefore, the *very identity of those placing the calls at issue* is all the more discoverable. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint— much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added).

The Third Circuit has instructed that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it.*" *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants."); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"). And, "[i]n conducting any discovery inquiry, the Third Circuit has suggested that district courts

5

risk reversal if their rulings will make it impossible for any party to 'obtain crucial evidence[.]'"
*Strike 3 Holdings, LLC v. Doe,* No. 18-12585 2020 WL 3567282 at *5 (D.N.J. June 30, 2020)
(quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)). In cases alleging
copyright infringement, for example, courts have determined that similar subscriber identity
information pertaining to an IP (Internet Protocol) address was "highly specific." *Malibu Media,
LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018).

The identity of a defendant caller in this case is critical to the ability of the plaintiff to
serve process on defendant and proceed with the litigation. *Sony Music Entm't Inc. v. Does 1-40*,
326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). And, once the Plaintiff has obtained this information,
he and his counsel can further investigate his claims and confirm that he has a good-faith basis to
proceed. *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct.
2, 2019). Indeed, a sister court, in granting leave to conduct expedited discovery in a TCPA case
under similar circumstances as here, held that "plaintiffs will be helpless to timely serve Global
with the summons and complaint or to otherwise prosecute their case without that information."
*Catlin v. Glob.*, No. 14-CV-6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014) (TCPA
defendant who stated that their company name was "Global").

Plaintiff notes that courts frequently grant similar motions the TCPA context when
critical information pertaining to the calls at issue in the case and the identity of the caller are
only available from a telephone company. *See, e.g.*, *Richardson v. Virtuoso Sourcing Grp.*,
L.L.C., No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015)
(expedited discovery in TCPA case in the context of motion for default judgment); *Catlin*, 2014
WL 3955220, at *2 (expedited discovery to serve defendant in a TCPA lawsuit). Indeed, five
other judges in the Eastern District of Pennsylvania granted nearly identical motions with respect

to Plaintiff's counsel. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4 (Pratter, J.); Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12 (Rufe, J.); Order, *Perrong v. Caller Identified as Jennifer*, No. 2:21-cv-02188 (E.D. Pa. June 4, 2021), ECF No. 4. (Younge, J.); Order, *Perrong v. Dental Servs.*, No. 2:22-cv-01234 (E.D. Pa. Apr. 8, 2022), ECF No. 5. (Diamond, J.), *Perrong v. Personal Injury Lead Generator*, No. 2:22-cv-02628 (E.D. Pa. July 28, 2022), ECF No. 6. (Pappert, J.), *Perrong v. CMI Research*, No. 2:22-cv-03733 (E.D. Pa. Sept. 29, 2022), ECF No. 5 (McHugh, J.).

**II.     Chase Data's Failure to Object Means that the Information Should be Produced.**

Federal Rule of Civil Procedure 45(d) sets forth the procedure by which a non-party may object to a subpoena and be protected from compliance. Chase Data does not assert any objections and has not responded to the subpoena, and as such those requests should be compelled. *See e.g. Bove v. Worlco Data Systems, Inc.,* 1987 U.S. Dist. LEXIS 1673, *4 (E.D. Pa. 1987) ("Jeffrey Price did not, as required by Fed. R. Civ. P. 45, serve written objections on defendants or move to quash the subpoena in advance of the return date… We shall, however, require Mr. Price to produce all documents responsive to the subpoena as to which no claims of privilege have been raised.").

### Conclusion

For the reasons explained above, Plaintiff respectfully request that the Court enter an Order:

A.     Granting this Motion;

B.     Compelling Chase Data to provide the requested documents responsive to the subpoena; and

C.     Providing such other and further relief as the Court deems appropriate.

PLAINTIFF,
By his attorneys


Dated: July 1, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2025, the foregoing was served via electronic mail on counsel for the Defendant in the underlying action.


July 1, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com