# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP<br><br>Defendant. | Case No.<br>**4:25-CV-1245**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Kimberly Hudson-Bryant ("Ms. Hudson-Bryant"), by her undersigned counsel, for this class action complaint against Defendant Schneider Wallace Cottrell Konecky Wotkyns LLP, as well as their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I. INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including text messages, to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5. Plaintiff Hudson-Bryant is an individual who resided in Texas at all times relevant to the calls at issue.

6. Defendant Schneider Wallace Cottrell Konecky Wotkyns LLP d/b/a Schneider Wallace is a Puerto Rican-based law firm with a registered office address in Houston, Texas.

## III. JURISDICTION AND VENUE

7. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant. The Court has general personal jurisdiction over Defendant because Defendant maintains an office in Texas and called the Plaintiff while in Texas.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of Texas in Houston, which lies within this District.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

3

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. Unsolicited Telemarketing to Plaintiff**

15. Plaintiff Hudson-Bryant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff Hudson-Bryant's telephone number, (323) XXX-XXXX, is a telephone number that is used for residential purposes.

17. Plaintiff Hudson-Bryant uses the telephone number for personal, residential, and household needs and reasons.

18. The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19. Plaintiff Hudson-Bryant's number has been on the National Do Not Call Registry since 2003, well over a year prior to receiving the calls at issue.

4

20. Despite that, Ms. Hudson-Bryant received at least 3 telemarketing calls from the Defendant on October 7 and 15, 2022.

21. The first such call came from the caller ID 681-348-7000.

22. The caller, using the pseudonym "Legal Advisors," was calling to see if the Plaintiff had any interest in pursuing a class action lawsuit, including for Zantac pills, talcum powder, and Roundup weed killer, and asked if the Plaintiff had used such products in the past.

23. The Plaintiff hung up.

24. Despite this fact, the Plaintiff received yet another call from an individual using the same pseudonym "Legal Advisors" on October 15, 2022 from the caller ID 520-720-3158.

25. This call also began with the same script, and the caller was calling to see if the Plaintiff had any interest in pursuing a class action lawsuit, including for Zantac pills, talcum powder, and Roundup weed killer, and asked if the Plaintiff had used such products in the past.

26. The Plaintiff played along with the caller's script and stated that she used talcum powder in the past to ascertain who was calling her illegally and for no other reason.

27. The individual explained that there were many people that were diagnosed with major complications and issues, including cancer, arising out of the use of talcum powder, and "now we are helping them."

28. Thereafter, the representative stated that he would transfer the call to the "officer" of the Defendant law firm so that they could guide the Plaintiff through the attorney-client intake process.

29. However, at that point, the call disconnected.

30. Thereafter, the same individual called back from the caller ID 985-303-2953 and stated that the reason the call disconnected was because the "lawyer was busy at the time."

5

31. However, this time, the Plaintiff was transferred to "Gina" who identified herself as with "Schneider Wallace" and asked the Plaintiff if she was interested in pursuing a lawsuit for talcum powder, and began to ask intake questions regarding representing the Plaintiff in a talcum powder lawsuit.

32. "Gina" also touted the Defendant law firm and stated that the law firm was located in Los Angeles and Houston. "Gina" further confirmed that the Texas location would be the closest for Plaintiff to reach out to.

33. The calls were sent to solicit the Plaintiff to obtain legal representation from the Defendant.

34. It is a violation of the rules of professional conduct in most states, including Texas, to solicit clients for a lawsuit through telemarketing, let alone illegal telemarketing.

35. As such, the Defendant deliberately hid its involvement in the calls by using the pseudonym "Legal Advisors" and avoiding naming their employees doing cold-calling until such time as they thought they had an interested client on the line.

36. A reasonable seller would investigate into the reasons why they would be sending calls and messages to numbers on the National Do Not Call Registry, let alone cold calling people asking them if they had mass tort claims.

37. Plaintiff's privacy has been violated by the above-described telemarketing calls/text messages.

38. Plaintiff never provided her consent or requested these calls.

39. In fact, the Plaintiff never did any business whatsoever with the Defendant.

40. The aforementioned calls that were sent to the Plaintiff were unwanted.

41. The calls were non-consensual encounters.

6

42. Plaintiff received more than one telemarketing solicitation within a 12-month period to her private, residential cell phone.

43. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the messages occupied their telephone storage space, rendering them unavailable for legitimate communication and other legitimate uses, including while driving, working, and performing other critical household tasks for which storage is required.

## V. CLASS ACTION ALLEGATIONS

44. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Schneider Wallace, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

45. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The Class, as defined above, is identifiable through telephone records and telephone number databases.

47. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

48. Individual joinder of these persons is impracticable.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

7

50. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

51. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

52. This class action complaint seeks injunctive relief and money damages.

53. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

55. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the

8

Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

56. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

57. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

58. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

59.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

60.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

61.     Defendant's violations were negligent, willful, or knowing.

62.     As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

63.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this March 16, 2025.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> S.D. Tex. #333687
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
>
> */s/Anthony Paronich*
> Anthony Paronich
> **Paronich Law, P.C.**
> 350 Lincoln St, Suite 2400
> Hingham, MA 02043
> Phone: (617) 485-0018
> Fax: (508) 318-8100
> anthony@paronichlaw.com
>
>
> *Attorney for Plaintiff and the Proposed Class*

11