IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY HUDSON-BRYANT,

        *Petitioner,*

v.

CHASE DATA CORP.,

        *Respondent.*

CIVIL ACTION
NO. 25-mc-38

### ORDER

**AND NOW**, this 20th day of August 2025, upon consideration of petitioner Kimberly Hudson-Bryant's Motion to Compel (ECF No. 1), it is **ORDERED** that the Motion is **GRANTED**.[1] Chase Data Corp. is ordered to comply with the subpoena

---

[1] Kimberly Hudson-Bryant is the named plaintiff in a Telephone Consumer Protection Act class action pending in the United States District Court for the Southern District of Texas. (Mot. at 1, 3, ECF No. 1.) Hudson-Bryant served non-party respondent Data Chase with a subpoena on June 3, 2025, seeking "[d]ocuments referencing identifying information for the DIDs: 681-348-7000, 520-720-3158, and 985-303-2953 for January 2022 through present." (Subpoena at 1, ECF No. 1-2); *see* (USPS Proof of Service, ECF No. 1-3). These records are purportedly relevant to Hudson-Bryant's claim that she received "several telemarketing calls from the telephone numbers 681-348-7000, 520-720-3158, and 985-303-2953, between January 2022 and present." (Mot. at 3.) Chase Data failed to timely object or respond to the subpoena. (*Id.* at 4); Fed. R. Civ. P. 45(d)(2)(B). So a few weeks later, Hudson-Bryant moved to compel Chase Data to produce the documents identified in the subpoena. (Mot. at 1.) Chase Data never responded to this motion.
    The Court grants the motion because Chase Data failed to object to the subpoena, *see Kerlin v. Howard*, No. 18-481, 2020 WL 263011, at *2 (M.D. Pa. Jan. 17, 2020) ("A nonparty's failure to make timely objections to a subpoena generally constitutes waiver of objections to the validity of the subpoena.") (footnote omitted), and Chase Data has failed to respond to Hudson-Bryant's motion to compel, *see* Loc. R. Civ. P. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested . . . .").
    Hudson-Bryant also asks the Court to award her "the costs of this proceeding" and "attorney's fees" under Federal Rule of Civil Procedure 45(d)(1). (Notice of Non-Opposition to Mot. to Compel at 1, ECF No. 3.) The Court denies this request, because Civil Rule 45(d)(1) says that courts may impose "an appropriate sanction" including "reasonable attorney's fees" on "a party or attorney who fails to comply" with the obligation to "avoid imposing undue burden or expense on a person subject to [a] subpoena." Thus, the text of Civil Rule 45(d)(1) focuses on the conduct of the party issuing the subpoena, not the party receiving the subpoena.

issued by the United States District Court for the Southern District of Texas within fourteen days of this Order.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.
